(May 24, 1971)

LESLIE W. ALBERTS, Respondent, v. FAY ALBERTS, Appellant, et al., Defendant.—

No opinion. Latham, Shapiro, Brennan and Benjamin, JJ., concur; Martuscello, Acting P. J., dissents and votes to reverse the order and grant appellant's motion to vacate the default judgment, with the following memorandum: Appellant moved under CPLR 317 to vacate a default judgment entered October 9, 1967, which declared that her husband, the plaintiff, was the sole owner of funds on deposit in a joint account at Manufacturers Hanover Trust Company. The parties were married in 1960 in the State of Massachusetts. In 1961 they agreed to separate after experiencing marital difficulties. They reconciled in 1962 and lived in Massachusetts until April, 1964. Thereafter, they separated and since then plaintiff has been a resident in New York State while appellant has remained in Massachusetts. After their separation, plaintiff communicated with appellant on two occasions by registered mail sent to an address in Brighton, Massachusetts. The registered letters were signed for by appellant. Nevertheless, pursuant to an order of May 10, 1967, it was directed that appellant be served by publication in two Long Island newspapers. It seems to me that the means of publication utilized herein was the least likely to give notice to appellant of the pending action and therefore failed to meet the requirements of due process. Inasmuch as appellant did not receive actual notice of the pendency of the action but rather was served by publication which was defective to the extent heretofore indicated, and it also appears that she has a meritorious defense to the action, I am of the opinion that Special Term abused its discretion in denying appellant's motion to vacate the default judgment entered against her (*Carpenter* v. *Weatherwax*, 277 App. Div. 264).